UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILMINGTON TRUST COMPANY
AS TRUSTEE FOR STRUCTURED
ASSET SECURTIES CORPORATION
2005-4XS TRUST FUND,

    Plaintiff,
v.                               CASE NO.: 8:16-cv-3531-T-33TBM

DAVID ALEXANDER PEARCE,
KRISTI PEARCE, A/K/A
KRISTI DARLENE LYNCH,
SERGIO MORENO, and
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,

    Defendants.
_____/

**FINAL CONSENT JUDGMENT**
**AND DEFAULT JUDGMENT**

This matter comes before the Court pursuant to Plaintiff Wilmington Trust Company as Trustee for Structured Asset Securities Corporation 2005-4xs Trust Fund's Motion for Entry of Consent Judgment as to Pearce Defendants and/or Default Judgment as to MERS (Doc. # 19), which was filed on March 17, 2017. After finding that a hearing is not required, the Court grants the Motion and this Final Consent Judgment and Default Judgment is entered as follows.

**Background**

Plaintiff Wilmington Trust Company as Trustee for Structured Asset Securities Corporation 2005-4xs Trust Fund

1

filed its Complaint on December 30, 2016, naming David Alexander Pearce, Kristi Pearce (AKA Kristi Darlene Lynch), Sergio Moreno, and Mortgage Electronic Registration Systems, Inc. as Defendants. (Doc. # 1).  The Complaint concerns foreclosure of real property and contains the following counts: Establishment of Lost Note as to all Defendants (Count 1); Equitable Lien and Equitable Mortgage as to all Defendants (Count 2); Constructive Trust as to all Defendants (Count 3); Judicial Foreclosure of Real Property against all Defendants (Count 4); Possession and Assignment of Rents as to all Defendants (Count 5); and Enforcement of Instruments as to David Pearce (Count 6).

 The Complaint contains allegations which satisfy the Court that the parties are completely diverse. Plaintiff states that it is a citizen of Delaware. (Id. at ¶ 1). The Pearce Defendants and MERS are citizens of Tennessee and/or Virginia. (Id. at ¶¶ 2, 3).  As explained herein, Plaintiff has dropped Sergio Moreno as a Defendant.  The Court is satisfied that the jurisdictional amount in controversy is satisfied because this case concerns a debt in the agreed amount of $107,932.88.

Personal jurisdiction and venue are proper as the Defendants claim ownership and lien interests in the real property at issue, located in Sarasota County, Florida. (Id. at ¶¶ 6-7).

The real property is described as:

2

> Lot 12, Block S, Sun Haven, Unit No. 3, according to the Plat thereof as recorded in Plat Book 9, Page 52, of the public records of Sarasota County, Florida.
>
> Address: 5732 Beneva Road, Sarasota Florida, 34231.

(Id. at ¶ 8). Title to the real property at issue vested in David Pearce, who was at that time married to Kristi Pearce, by a Warranty Deed. (Id. at ¶ 9; Doc. # 19-1). On January 28, 2005, David Pearce executed and delivered a First Promissory Note in the principal sum of $108,000.00 to Lehman Brothers Bank to purchase the Property. (Doc. # 1 at ¶ 5; Doc. # 19-2). Also on January 28, 2005, David Pearce executed a First Mortgage to Mortgage Electronic Registration Systems as nominee for Lehman, securing the Property as collateral for the First Note, then recorded. (Doc. # 1 at ¶ 11; Doc. # 19-3).

In addition, on January 28, 2005, David Pearce negotiated a Second Note for $20,500.00 to MERS, nominee for Lehman, for which the Property was secured as collateral by a Second Mortgage. (Doc. # 1 at ¶ 12; Doc. # 19-4). Thereafter, on January 9, 2009, MERS executed an Assignment of the First Note/Mortgage to Aurora. (Doc. # 1 at ¶ 12; Doc. # 19-5). Aurora purportedly attempted to enforce the First Note/Mortgage in state court as to the Pearce Defendants, but ultimately foreclosed a different note and mortgage, executed by them, on other realty. (Doc. # 1 at ¶¶ 15-25).

On May 6, 2014, Aurora executed an assignment of the First Note and Mortgage to Plaintiff. (Doc. # 1 at ¶ 26; Doc. # 19-6). The First Note was mistakenly and inadvertently lost or destroyed while in possession of Plaintiff's predecessors.

David Pearce must defend and/or establish Plaintiff's senior interest. (Doc. # 1 at ¶¶ 27-28). He breached the First Note and Mortgage which Plaintiff had standing to enforce. All interests in the Property are subordinate to Plaintiff's First Note and Mortgage for which all conditions precedent occurred, were fulfilled, waived, unnecessary and/or futile. Plaintiff seeks no monetary relief. (Id. at ¶¶ 29-32).

Plaintiff filed suit, naming the Pearce Defendants and MERS, and each Defendant has been served. (Doc. ## 11-13). Plaintiff seeks to establish the missing First Note and declare its senior interest in the Property. (Doc. # 1 at ¶¶ 35-44). Plaintiff also seeks to judicially foreclose the Property and obtain possession of the Property. (Id. at ¶¶ 64-70).

Plaintiff now withdraws its claims for equitable lien as stated in Count 2 of the Complaint. Plaintiff also withdraws its claims for constructive trust as stated in Count 3 of the Complaint. Furthermore, Plaintiff relinquishes its request for *in-personam* relief as to the Pearce Defendants, such as fees and costs, rent, and enforcement of the debt and its claims as to Defendant Moreno, who no longer occupies the property. Those

4

claims and Defendant Moreno are dismissed from this case, pursuant to Fed. R. Civ. P. 41.

The Court entered an Order to Show Cause on March 8, 2017, after Plaintiff did not respond to a prior Court Order directing Plaintiff to file a status report on service of process. (Doc. ## 9, 10). Plaintiff responded by explaining that "Plaintiff's counsel diligently worked on a resolution of the case with counsel for the Pearce Defendants, just effectuated on 3/10/17." (Doc. # 15 at 2). Plaintiff and the Pearce Defendants executed a Stipulation, which was filed on March 10, 2017. (Doc. # 14).

The Stipulation sets forth the *in-rem* relief sought by Plaintiff on the Property, the consent of Pearce Defendants to that relief, and the Pearce Defendants' waiver of defenses to this relief on the Property, including its sale and possession. (Id.).

The outstanding loan balance is agreed as:

Unpaid Principal Balance:     $107,932.88
Last Payment Made:            10/1/2008
No interest, costs or fees are sought.

The Pearce Defendants are not currently in and have not been in the military for the last 30 days and are not subject to the protection of 50 U.S.C. § 3901 *et seq*.

On March 11, 2017, Plaintiff filed an application for entry of Clerk's Default as to MERS. (Doc. # 16). With no appearance on the docket for MERS and no response to the Complaint after

5

service being accomplished, the Clerk entered its Default pursuant to Rule 55(a), Fed. R. Civ. P., as to MERS on March 13, 2017. (Doc. # 17).

**Analysis**

The Court may grant the Consent Motion and enter the Consent Judgment pursuant to the Stipulation. White v. Alabama, 74 F.3d 1058, 1073 (11th Cir. 1996). The record and the Stipulation reflect that Plaintiff and the Pearce Defendants reached a binding settlement to be enforced by the Court granting this Motion and entering the Consent Judgment. The Stipulation sets forth the relief sought by Plaintiff, consent of Pearce Defendants to the relief, and their waiver of defenses. The Stipulation details Plaintiff will only obtain relief on the Property, including its sale. (Doc. # 14 at 1-3).

Under Fed. R. Civ. P. 55 and the entry of default, Defendant MERS admitted the Complaint's well-pled allegations. Buchanan v. Bowman, 820 F.2d 359, 361 (11th Cir. 1987). Defendant MERS waived all defenses to this case. Pensacola Motor Sales, Inc. v. E. Shore Toyota, 684 F.3d 1221, 1222 (11th Cir. 2012). Default judgment may be entered against MERS who never placed this case at issue. Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., 803 F.2d 1130, 1134 (11th Cir. 1986). There is a sufficient basis in the pleadings for judgment. Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir.

6

1975). The Complaint states claims for which relief may be granted, as set forth herein. Chudasama v. Mazda Motor Co., 123 F.3d 1353, 1370 at n.41 (11th Cir. 1997). Plaintiff is entitled to default judgment as to MERS as set forth below.

Plaintiff has standing as holder of the First Note/Mortgage. Branch Banking & Trust Co. v. Park Circle, LLC, No. 2:13-cv-25-FtM-38CM, 2014 U.S. Dist. LEXIS 63661, at *21 (M.D. Fla. May 8, 2014). A note and mortgage may be simultaneously enforced by foreclosure, ejectment, and a suit on the debt. PNC Bank, N.A. v. Starlight Props. Holdings, LLC, No. 6:13-cv-408-Orl-36KRS, 2014 U.S. Dist. LEXIS 78087 (M.D. Fla. Apr. 25, 2014); Royal Palm Corp. Ctr. Ass'n v. PNC Bank, N.A., 89 So. 3d 923, 929 (Fla. 4th DCA 2012); Manley v. Union Bank, 1 Fla. 160 (Fla. 1846). The First Note establishes a *prima facie* case for enforcement.

Attacks upon the First Note or its debt must be made by affirmative defenses which the Pearce and MERS Defendants waived or otherwise did not meet their burden of proof. Haycook v. Ostman, 397 So. 2d 743, 744 (Fla. 5th DCA 1981). Based on the loan default, Plaintiff may accelerate the balance due. Zimmerman v. Olympus Fid. Trust, LLC, 936 So. 2d 652, 655 (Fla. 4th DCA 2006). The First Note and Second Mortgage David Pearce signed contain acceleration clauses. (Doc. # 19-2 at 3, 4; Doc. # 19-4 at 4).

In Count 1, Plaintiff seeks a declaratory judgment of its senior interest in the Property. Under 28 U.S.C. § 2201, a declaratory judgment resolves a case. <u>Malowney v. Federal Collection Deposit Grp.</u>, 193 F.3d 1342, 1347 (11th Cir. 1999). "The Plaintiff must allege facts from which the continuation of the dispute may be reasonably inferred. Additionally, the continuing controversy may not be conjectural, hypothetical, or contingent; it must be real and immediate, and create a definite, rather than speculative threat of future injury." <u>Emory v. Peeler</u>, 756 F.2d 1547, 1552 (11th Cir. 1985). Plaintiff presented a real and immediate controversy, resulting in definite injury - the clouding of its interest in the Property, under the lost First Note and prior case. <u>HSBC Bank USA v. Perez</u>, 165 So. 3d 696 (Fla. 4th DCA 2015); <u>GeoTag, Inc. v. European Sec. Ltd.</u>, No. 8:12-cv-1923-T-23AEP, 2014 U.S. Dist. LEXIS 74325 (M.D. Fla. May 8, 2014).

Under Fla. Stat. § 673.3091, Plaintiff may establish the First Note 1) which it could enforce when lost or was obtained from another entitled to enforce it; 2) loss did not occur from transfer/seizure; and 3) possession cannot be reasonably obtained. Plaintiff named all parties interested in the Note. <u>Branch Banking & Trust Co. v. S&S Dev., Inc.</u>, No. 8:13-cv-1419-T-30TGW, 2014 U.S. Dist. LEXIS 72568 (M.D. Fla. May 28, 2014) The factors required for establishing a lost note are met.

8

In Count 4, Plaintiff seeks to judicially foreclose the Property as it holds the First Note/Mortgage to which David Pearce defaulted on payments, justifying acceleration. Citibank v. Dalessio, 756 F. Supp. 2d 1361 (M.D. Fla. 2010); Brown Bark III, L.P. v. Torres, No. 09-22589, 2010 U.S. Dist. LEXIS 3433 (S.D. Fla. Jan. 4, 2010); Citibank FSB v. Grant, No. 06-80263, 2007 U.S. Dist. LEXIS 98518 (S.D. Fla. Mar. 6, 2007); Stearns v. Farrell, No. 8:11-cv-1725-T-17EAJ, 2012 U.S. Dist. LEXIS 12811 (M.D. Fla. Feb. 2, 2012); Harmony Homes v. USA, 936 F. Supp. 907, 913 (M.D. Fla. 1996).

Plaintiff's senior interest in the Property is first in time and first in right. Holly Lake Ass'n v. Fed. Nat'l Mortgage Ass'n, 660 So. 2d 266, 268 (Fla. 1995). Plaintiff named the title holders. English v. Bankers Trust Co. of Cal., N.A., 895 So. 2d 1120 (Fla. 4th DCA 2005). Plaintiff's interest is superior to the owners. Jordan v. Sayre, 3 So. 329 (Fla. 1888). Plaintiff's interest forecloses inferior interests. National Loan Investors, L.P. v. Burgher, 742 So. 2d 406 (Fla. 4th DCA 1999). Plaintiff's interest is superior to the marital interest of Kristi Pearce in the Property, married to David Pearce when it was purchased. Spikes v. Onewest Bank, FSB, 106 So. 3d 475, 478 (Fla. 4th DCA 2012).

Pursuant to Fed. R. Civ. P. 53, Plaintiff seeks appointment of a special master to conduct the sale, namely Mediation Inc.,

James Chaplin, Esq., One Financial Plaza, 18th FL, Ft. Lauderdale, 33394, (954) 764-1000. See, e.g., Stearns Bank, N.A. v. Farrell Homes, Inc., 8:11-cv-1725-T-17EAJ, 2012 U.S. Dist. LEXIS 12811 (M.D. Fla. Feb. 2, 2012)(appointing special master).

In Count V, Plaintiff or any purchaser of the Property is entitled to post-sale possession of the Property, under Fed. R. Civ. P. 64 and pursuant to an ancillary writ of possession/ejectment. Redding v. Stockton, 488 So. 2d 548 (Fla. 5th DCA 1986)("Foreclosure is a case in equity, and a writ of possession is ancillary to it.").

Accordingly, it is

**ORDERED**, **ADJUDGED,** and **DECREED:**

1. Plaintiff Wilmington Trust Company as Trustee for Structured Asset Securities Corporation 2005-4xs Trust Fund's Motion for Entry of Consent Judgment as to Pearce Defendants and/or Default Judgment as to MERS (Doc. # 19) is **GRANTED** by agreement of the parties, and this Consent Judgment is entered *nunc-pro-tunc* to the date of the Stipulation on March 10, 2017.

2. With regard to Count I of the Complaint, the Court declares and establishes the missing First Note and First Mortgage are the senior interest in the Property and/or its proceeds, relating back to their origination, which remain in full force and effect. The Court reestablishes the First Note, relating back

to its date of execution.

3. Pursuant to Count I of the Complaint and its First Mortgage, Plaintiff holds a valid first position senior interest upon all property, rights to property, claim or estate of the Defendants against the Property and its improvements, buildings, fixtures, and appurtenances located within this District and Division, secured as collateral under these instruments, including rents derived from the Property, particularly described above.

4. Plaintiff's Mortgage is prior, paramount and superior to all rights, claims, liens, interests, encumbrances and equities of the Defendants and all persons, occupants, entities and others claiming by, through or under them, which are subordinate to it and subject to foreclosure in this case. The First Mortgage is foreclosed against the Property, which forecloses any interest in the Property also subject to Plaintiff's *lis pendens* as provided by Florida law.

5. Under Fed. R. Civ. P. 53, Mediation Inc., James Chaplin, Esq. and/or their designee is appointed as Special Master and authorized to sell the Property, its improvements, buildings, fixtures, and appurtenances for public sale, at the Sarasota County Courthouse, or its office, at the usual hour and location for public sale, per 28 U.S.C. § 2001 *et seq* and applicable Florida law, after publication of the advertised notice of the

11

public sale of the Property, once a week for 4 weeks prior to the sale in a newspaper regularly issued and of general circulation in Sarasota County. The sale is without right of redemption pursuant to 28 U.S.C. § 2001 *et seq.*

6. Under 28 U.S.C. § 564 and 566, the Special Master may exercise the same powers to conduct the sale as any local official or party conducting foreclosure sales, to yield the best sale price of the Property through free, fair, and competitive bidding.

7. At the sale, the successful bidder(s) shall deposit at least 10% of the successful bid with the Special Master, by cash, cashier's check or certified check, made payable to Plaintiff's counsel of record. To be permitted to bid, bidders shall present proof to the Special Master of their compliance with this requirement. Plaintiff may place credit bids against the amount due on the First Note/Mortgage without any payment.

8. A third-party bidder/purchaser will pay the balance of the purchase price for the Property in cash, cashier's check, or certified check, payable to Plaintiff's attorney, within 48 hours after the sale date. If the purchaser defaults on this or any other condition of sale, then the deposit is forfeited and shall be applied to expenses of sale. The Property may then be re-offered for sale or sold to a second highest bidder at Plaintiff's discretion.

9.  If Plaintiff is the purchaser, the Special Master will credit on Plaintiff's bid the total sums due to Plaintiff, or such portion necessary to fully pay Plaintiff's bid. If not the purchaser, Plaintiff will advance all subsequent costs of this action, for which it will be reimbursed by the Special Master.

10. Following completion of the sale, the Special Master will execute a Report of Sale, for filing with the Clerk of Court, subject to confirmation by the Court.

11. Plaintiff may assign the judgment and/or credit bid by executing an assignment prior to issuance of an order confirming the sale of the Property, without further order of the Court.

12. Under Fed. R. Civ. P. 70, by motion after the sale, the Court will enter an order confirming the sale of the Property, conveying title to the purchaser at sale, which shall be filed and recorded in the local land registry office, with the same legal effect as a Certificate of Title or other conveyance, per Fla. Stat. § 45.011 and 702.10 *et seq*. Or the Special Master may execute a conveyance of the Property to Plaintiff or any other purchaser at sale.

13. A successful third-party bidder at the sale shall pay, in addition to the amount of the bid, any documentary stamps and land registry fees and like costs, as provided by law.

14. Upon entry of the confirmation order, the sale proceeds will be applied to Plaintiff's costs and disbursements of this

case, expenses of sale, including documentary stamps affixed to the order if applicable, the total sum due to Plaintiff less the items paid, plus interest at the legal rate from this date to the sale date.

15. Under Count II, Plaintiff or any other purchaser at the sale is granted possession of the Property, its improvements, fixtures and other contents. All other parties, occupants, entities and others will vacate the Property following the sale, as directed by the U.S. Marshall and/or local law enforcement officers, their deputies and agents, who are ordered to take any and all action to remove anyone and their belongings from the Property, with whom Plaintiff or other purchaser at sale is authorized to coordinate to take all actions reasonably necessary to effectuate same. Refusal or failure to vacate the Property is punishable by contempt.

16. Until the Property is sold and the successful bidder takes physical possession, all other parties, occupants, entities and others will take all reasonable steps necessary to preserve the Property in its current condition, including its buildings, improvements, fixtures and appurtenances, including, without limitation, maintaining fire and casualty insurance policies on the Property and providing proof of insurance when requested by Plaintiff. All parties, occupants, entities and others will not commit waste, damage or vandalism against the Property or do

anything to impair or reduce its value or marketability, including but not limited to recording any instruments, publishing any notice, or taking any other action tending to adversely affect the value of the Property or tending to deter or discourage potential bidders from participating in the sale and shall not cause or permit anyone else to do so. Violation of the above is punishable by contempt of Court.

17. If any person fails or refuses to remove their personal property from the Property as specified in this Order, then any personal property remaining on the Property is deemed forfeited and abandoned and Plaintiff or other purchaser at sale is authorized to remove the personal property and dispose of it in any manner it sees fit, including sale, in which case the proceeds of the sale are to be applied first to the expenses of sale, with the balance being distributed as described within this Order.

18. The Clerk shall close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>22nd</u> day of March, 2017.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE