UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILMINGTON TRUST COMPANY
AS TRUSTEE FOR STRUTURED
ASSET SECURITIES CORPORATION
2005-4XS TRUST FUND,

    Plaintiff,               Case No.: 8:16-cv-3531-T-33TGW

v.

DAVID ALEXANDER PEARCE,
KRISTI PEARCE, A/K/A
KRISTI DARLENE LYNCH,
SERGIO MORENO, and
MORTAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,

    Defendants.
_____/

## ORDER

This cause comes before the Court pursuant to Plaintiff
Wilmington Trust Company's Motion to Confirm Foreclosure Sale,
Certificate of Title, Writ of Possession, and Related Relief (Doc.
# 22), filed on May 30, 2018. In the Motion, Plaintiff explains
that the Pearce Defendants do not oppose the Motion. Defendant
Mortgage Electronic Registration Systems, Inc. ("MERS") failed to
appear in this action and is in default. (Doc. # 17). Defendant
Sergio Moreno has been dropped from the litigation. (Doc. # 20 at
4). The Motion is unopposed and is accordingly granted as follows.

**DISCUSSION**

Plaintiff commenced this action on December 30, 2016, to judicially foreclose a mortgage on real property, specifically:

> Lot 12, Block S, Sun Haven, Unit No. 3, according to the Plat thereof as recorded in Plat Book 9, Page 52, of the public records of Sarasota County, Florida. Address: 5732 Beneva Road, Sarasota, Florida, 34231.

(Doc. # 1 at ¶ 7). The Complaint contained the following counts: Establishment of Lost Note as to all Defendants (Count 1); Equitable Lien and Equitable Mortgage as to all Defendants (Count 2); Constructive Trust as to all Defendants (Count 3); Judicial Foreclosure of Real Property as to all Defendants (Count 4); Possession and Assignment of Rents as to all Defendants (Count 5); and Enforcement of Instruments as to David Pearce (Count 6).

On March 10, 2017, the parties entered into a stipulation to resolve the case. (Doc. # 14). On March 22, 2017, the Court entered its Order of Final Consent Judgment and Default Judgment, pursuant to the parties' stipulation, determining that "by motion after the sale, the Court will enter an order confirming the sale of the property, conveying title to the purchaser at sale, which shall be filed and recorded in the local land registry office, with the same legal effect as a Certificate of Title or other conveyance . . . Or the Special Master may execute a conveyance of the property to [the] purchaser at sale." (Doc. # 20 at 13).

The Court appointed James Chaplin, Esq. of Mediation Inc., and/or his designee, as the Special Master (Id. at 11) who was authorized and directed to offer and sell the property for public sale at the Sarasota County Courthouse. (Id.). A copy of the affidavit of Publication confirms that the property was properly advertised prior to the sale for four consecutive weeks in the Business Observer before the scheduled sale date of March 12, 2018. (Doc. # 22-1). The Special Master filed the required Report of Foreclosure Sale on May 30, 2018, indicating that the sale was conducted on March 12, 2018, at 4:00 p.m., and that Plaintiff purchased the property with an opening and uncontested credit bid of $100.00. (Doc. # 22-2). The Special Master executed a Certificate of Title on May 23, 2018, reflecting Plaintiff as the new owner of the property. (Doc. # 22-3).

Pursuant to the Final Consent Judgment and Default Judgment, Plaintiff now moves the Court to confirm the foreclosure sale as the new owner and to grant possession of the property. (Doc. # 22 at 4). As previously noted, the Motion is unopposed. (Id. at 5).

Courts have broad discretion in determining whether to confirm or to vacate a judicial sale. See Citibank, N.A. v. Data Lease Fin. Corp., 645 F.2d 333, 339 (5th Cir. 1981). "Such determinations ordinarily will not be disturbed except for an abuse of discretion, recognizing the strong public policy in favor of the finality of judicial sales." JP Morgan Chase Bank, N.A. v.

<u>Surek</u>, No. 11-00263, 2013 U.S. Dist. LEXIS 205, at *3 (S.D. Ala. Jan. 2, 2013). "Generally courts have adopted the policy that confirmation will not be refused except for substantial reasons, and that in the absence of fraud or misconduct, the highest bidder will ordinarily be accepted as the purchaser of the property offered for sale." <u>Id.</u> (citing <u>First Nat. Bank of Jefferson Parish v. M/V Lightning Power</u>, 776 F.2d 1258, 1261 (5th Cir. 1985)).

In addition, Rule 70(b) of the Federal Rules of Civil Procedure provides that if real property is located within a judicial district, the court may enter judgment divesting a party's title and vesting it in others. The United States Supreme Court has established that when a special master conducts a foreclosure sale, confirmation of the sale is required as "a bidder at a sale by a master, under a decree of court, is not considered a purchaser until the sale is confirmed." <u>Ballentyne v. Smith</u>, 205 U.S. 285, 288 (1907). As shown by the record, the Court finds good cause to confirm the foreclosure sale and convey title of the property to Plaintiff.

Accordingly, it is now

**ORDERED, ADJUDGED and DECREED**:

(1) Plaintiff's Unopposed Motion to Confirm Foreclosure Sale, Certificate of Title, Writ of Possession, and Related Relief (Doc. # 22) is **GRANTED**.

4

a. The Court confirms the foreclosure sale that Special Master James Chaplin, Esq. of Mediation Inc. held on March 12, 2018, at 4:00 p.m., at the Sarasota County Courthouse.

b. The Special Master shall **CONVEY** a Certificate of Title or Deed for the Property to Plaintiff, which shall be recorded in the Official Records of Sarasota County, Florida. Upon recording of the Certificate of Title or Deed, Plaintiff shall be let into possession of the property.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this <u>14th</u> day of June, 2018.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE